UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALTER JONES,

    Plaintiff,

v.                                        CASE NO. 3:09-cv-00886-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees ("Petition") (Doc. 26) and Defendant's Response thereto (Doc. 28), which provides that Defendant does not object to the relief requested in the Petition.

Plaintiff makes a timely request for an award of $3,657.51 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 26.) For the reasons stated herein, the Petition is due to be **GRANTED**.

> EAJA sets forth the following requirements for the award of fees:
>
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make the award unjust. In addition, Plaintiff certifies that his "net worth at the time this proceeding was filed was less than two million dollars." (Doc. 26 at 1.) Thus, an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Petition reflects that Plaintiff's attorneys' rates were $172.24 per hour for the work done in 2009 and $175.06 per hour for the work done in 2010 and 2011. (Doc. 26.) As these rates are higher than the statutory maximum, Plaintiff's counsel is seeking a cost of living adjustment. Defendant does not object to the requested rates. In light of the lack of opposition, the Court finds these hourly rates reasonable

and the cost of living adjustment warranted.[1] The Court also finds reasonable the number of hours spent by Plaintiff's counsel on the case. The Court thus finds that $3,657.51 ($172.24 x 3.55 hours + $175.06 x 17.4 hours) is a reasonable amount for attorneys' fees in this case.

The parties agree that after the Court awards EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government. (*Id.*) If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel. (*Id.*)

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Petition (**Doc. 26**) is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,657.51 for attorney's fees.

3. The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

---

[1] Were these hourly rates contested, the Court's determination regarding the reasonableness of the rates might be different.

**DONE AND ORDERED** at Jacksonville, Florida, on March 18, 2011.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record